**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

JERMAINE CORTEZ PATE,                         )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )          No. 2:25-cv-00031-JSD
                                              )
RUSTY RATLIFF,                                )
                                              )
                    Defendant.                )

<u>**MEMORANDUM AND ORDER**</u>

State-court prisoner Jermaine Cortez Pate filed this civil action in April 2025, seeking a writ of habeas corpus under 28 U.S.C. § 2254.  This is Petitioner's fourth § 2254 petition filed in this Court challenging the same state court conviction and sentence.  All the prior § 2254 petitions were denied, and the Eighth Circuit denied Petitioner's request to file a successive habeas petition.  Accordingly, this matter will be dismissed as a successive § 2254 petition without authorization from the Eight Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A).  All other pending motions will be denied as moot.

**Background**

Petitioner Jermaine Cortez Pate filed this § 2254 habeas action to contest his state court judgment and sentence issued in *State v. Pate*, No. 13SL-CR01396-01 (21st Jud. Cir., filed Mar. 20, 2013).  ECF No. 1 at 1.  Independent review of this case on Missouri Case.net, the State of Missouri's online docketing system, shows that Petitioner was charged with first-degree robbery and armed criminal action in October 2012 in St. Louis County Circuit Court.  Petitioner was found guilty in a May 2014 bench trial and sentenced in July 2014 to two concurrent thirteen-year terms of imprisonment with the Missouri Department of Corrections.  Petitioner's conviction and

sentences were affirmed on appeal. *State v. Pate*, 469 S.W.3d 904 (Mo. Ct. App. 2015).

Before initiating this action, Petitioner filed three § 2254 habeas corpus actions in this Court, related to this state court conviction. The first was filed in February 2019 and denied and dismissed in March 2020, after a review of the merits of his claims for relief. *Pate v. Sachse*, No. 4:19-cv-207-SEP, ECF Nos. 1, 34-35 (E.D. Mo. 2019). In June 2020, Petitioner filed another civil action in this Court—not titled as seeking § 2254 relief—but seeking to attack the same state court sentence and requesting release from incarceration. *Pate v. Parsons*, No. 4:20-cv- 870-JCH, ECF No. 1 (E.D. Mo. 2020). The Court construed the claims as seeking § 2254 relief and dismissed the case as a successive petition in September 2020. *Id.* at ECF No. 13-14. After that second denial, Petitioner filed a petition for authorization to file a successive habeas application with the Eighth Circuit Court of Appeals. *Pate v. Sasche*, No. 20-3014 (8th Cir. 2020). That petition was denied in November 2020. *Id.*; *see also Pate v. Sachse*, No. 4:19-cv-207-SEP, ECF No. 38-39. In January 2025, Petitioner filed a third § 2254 petition seeking relief from the same state court judgment. *Pate v. Ratliff*, No. 2:25-cv-16-JMB (E.D. Mo. 2025). That case was denied and dismissed as successive in February 2025. *Id.* at ECF Nos. 2-3. Two months later, Petitioner filed the instant action—his fourth § 2254 petition.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

This is Petitioner's fourth § 2254 petition attacking his state court conviction. Under federal statute, Petitioner is required to get permission from the Eighth Circuit Court of Appeals before bringing a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A); *see also Boyd*

*v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").  The Supreme Court discussed this requirement in a recent opinion:

> a petitioner cannot bring a second or successive habeas application directly to the district court.  Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of §2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court.

*Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing § 2244(b)(3)) (emphasis in original).

In this case, Court records indicate that Petitioner was denied permission to file a successive habeas petition by the Eighth Circuit in November 2020.  Even if Petitioner's habeas claims have changed in the intervening five years, he still must seek and be granted permission by the appellate court to bring a successive petition.  Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this petition must be denied and dismissed.  *See Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

## Certificate of Appealability

The Court has considered whether to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court").  To issue such a certificate, the Court must find a substantial showing of the denial of a federal right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. §

2254 [ECF No. 1] is **DENIED and DISMISSED as successive**. *See* 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that all of Petitioner's other motions and requests for relief

[ECF Nos. 4, 7, 10, 11, 13, 17, 22, 27, & 29] are **DENIED as moot**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. §

2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   7th     day of October, 2025.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE